IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| v.   ) | CR. NO. 3:06-cr-54-MEF |
| ) | |
| SALLEY WHALEY HOGAN   ) | |

RESPONSE TO MOTION TO SUPPRESS

Comes now the United States of America, by and through Leura Garrett Canary, United States Attorney for Middle District of Alabama, and in response to the Motion to Suppress filed by the Defendant herein, the following is submitted:

1)   On November 23, 2004, Lafayette Police Officer Jerome Bailey stopped a vehicle being driven by Balinda Baxter Baylor for the traffic infraction of failure to signal a left turn. The defendant, Salley Whaley Hogan was a passenger in the vehicle. Officer Bailey obtained the names of both Ms. Baylor and Ms. Hogan and ran warrant checks. He learned Ms. Hogan was on probation for a drug offense. After the stop officer Bailey issued a warning ticket and noticed two medicine bottles inside the vehicle. Ms. Baylor said the medicine was hers. Officer Bailey then obtained consent to search the vehicle from Ms. Baylor. Officer Bailey noticed Ms. Hogan had a blue denim pocketbook, and stated that she had a handgun inside the pocketbook.

2)   Officer Bailey called Ms. Hogan's probation officer who arrested Hogan for a probation violation. Ms. Hogan was later interviewed by Officer Bailey after she was given her Miranda warning and waived those rights in writing. Ms. Hogan admitted she possessed the firearm and knew she was prohibited from possessing a firearm.

3)   As a general matter, the decision to stop an automobile is reasonable where police have probable cause to believe that a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 809 (1996); see also United States v. Pruitt, 174 F.3d 1215, 1217 n.1 (11th Cir. 1999). The initial stop for the turn signal violation was reasonable.

4)   Ms. Hogan was only arrested after her probation officer came to the scene of the traffic stop. At that point, she had already told Officer Bailey she had the firearm in her pocketbook.

      Wherefore, premises considered, the United States submits that the motion to suppress is due to be denied.

      Respectfully submitted this the 26th of July, 2006.

                                    LEURA GARRETT CANARY
                                    UNITED STATES ATTORNEY

                                    /s/ Kent B. Brunson
                                    KENT B. BRUNSON
                                    Assistant United States Attorney
                                    Post Office Box 197
                                    Montgomery, Alabama 36101-0197
                                    334.223.7280
                                    334.223.7135 fax
                                    kent.brunson@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 3:06-cr-54-MEF |
| ) | |
| SALLEY WHALEY HOGAN ) | |

CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Christine Freeman.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Kent B. Brunson
KENT B. BRUNSON
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: kent.brunson@usdoj.gov