IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | )   CASE NO: 3:06-CR-54-MEF |
| | ) |
| SALLEY WHALEY HOGAN | ) |

**DEFENDANT'S SENTENCING POSITION FOR DOWNWARD DEPARTURE AND/OR VARIANCE**

**COMES NOW** the defendant, Salley Whaley Hogan, by undersigned counsel, and moves this Court pursuant to 18 U.S.C. § 3553, U.S.S.G. § 5K2.0 and U.S.S.G. § 5K2.13, for a downward departure or, in the alternative, to a variance. A reasonable sentence in this case will consist of a sentence of probation.

The following facts are documented in the Presentence Report and in the Sentencing Exhibits, consisting of affidavits, photographs, and records, which will be submitted by Mrs. Hogan.

**Family**

Mrs. Hogan is fifty-five years old. She was born in Roanoke, Alabama. Her parents, Katherine Pauline Whaley and Roy Eugene Whaley, were first cousins. Each is now deceased. Both Mrs. Hogan's parents worked in the textile mills. Mrs. Hogan's father died of a heart attack in 1979 when he was fifty-two years old. Mrs. Hogan's mother died of lung cancer in 1988 when she was fifty-five years old. Mrs. Hogan has two brothers. One, Larry Roy Whaley, died at the age of five months from pneumonia. The other brother, Roy Lone

Whaley, is fourteen years younger than Mrs. Hogan and is now 41 years old. (Presentence Report, paragraph 34). He and his wife, Cindy Whaley, live on the same acreage as Mrs. Hogan, although their home is quite distant from Mrs. Hogan's home.

Mrs. Hogan has three children. Her son Charles Bledsoe was born in 1969 and her daughter Paula Bledsoe Bishop was born in 1971. In addition, Mrs. Hogan adopted her daughter's biological son Christopher following his birth in 1986. Mrs. Hogan's daughter and son in law, James Bishop, have a daughter, Brianna. Mrs. Hogan's son Charles has three children, Angel, Elisa and Kimberly Bledsoe.

Mrs. Hogan's children are the product of her first marriage, in 1968, to William Bledsoe. Mrs. Hogan was 16 years old at the time of this marriage and Mr. Bledsoe was considerably older. They divorced around 1977. Mr. Bledsoe died in 2005.

### Health

Mrs. Hogan suffers from emphysema and carpal tunnel syndrome.

### Education

Mrs. Hogan attended Valley High School, in Lanett, Alabama, through eleventh grade. She performed poorly in school and left when she married William Bledsoe. She received her GED from Southern Union Community Center.

### Employment

Despite her uneven education and unstable homelife, Mrs. Hogan maintained continuous employment. She has worked with her brother in his roofing business, and as a

waitress at Pizza Hut and Huddle House. She is currently employed at the Huddle House in Roanoke, Alabama, where she recently received an award for a year of continuous employment. She has also obtained a business license. She sells decorative holiday baskets, which she makes herself.

### History of Abuse

Mrs. Hogan's family were poor and lived in an isolated, rural area outside Roanoke, Alabama. Her friend Marie Bailey recalls that Mrs. Hogan's home was in an area with only her own relatives as neighbors. Her friend Joyce Bailey recalls that the family was poor in part due to Mrs. Hogan's father's alcohol and gambling habits.

Mrs. Hogan was an only child, until her younger brother Roy was born when she was fourteen years old. As an only child, she took the full brunt of her alcoholic father's abuse. Her father was frequently drunk and would slap and beat both Mrs. Hogan and her mother. Mrs. Hogan's child hood friend Joyce Reese remembers seeing signs of whippings on Mrs. Hogan, when they were children. Later, Mrs. Hogan's daughter Paula recalls seeing her grandfather grab her grandmother by the hair, sling her around, and beat her in the presence of both Sally Hogan and Paula Bishop.

When Mrs. Hogan was small, she was molested by both a cousin and an uncle. Her father became aware of the abuse when she was five years old and confronted the cousin. However, shortly after that incident, her father began to sexually abuse her. This abuse consisted of both oral sexual contact and vaginal intercourse and continued over many years.

Photos of Salley Hogan show a withdrawn child. Her school performance suffered and she was frequently absent. The sexual abuse continued until Salley was able to leave home through her marriage, when she was sixteen, to William Bledsoe.

Mrs. Hogan never told her mother of the abuse and her brother was too much younger to be aware of it. However, she told her daughter Paula of this abuse, when Paula herself told Mrs. Hogan of her own sexual abuse by a stepfather. In addition, Mrs. Hogan later told her brother and a mental health intake worker at Cheaha Regional Mental Health about the abuse.

Mrs. Hogan got away from her father's abuse when she married William Bledsoe. Photos of Mr. Bledsoe show him to be much older than his teenage bride, and strikingly similar to her father Roy Whaley in appearance.

Unfortunately, Mr. Bledsoe beat Salley and got her involved with illegal drug use. Both Marie Bailey and Joyce Reese were aware of William Bledsoe's drug activities.

Mrs. Hogan separated from William Bledsoe after he hit her so hard he knocked out a tooth. For a time, Mrs. Hogan and her children moved in with her parents. However, her father's alcohol abuse continued. After both her parents had died, Mrs. Hogan discovered her mother's diary from this time period (1976). In each of the entries, her mother describes her father, who was called "Snow," as being drunk, beating her, and not working. The entries show that Salley and her husband William each gave small amounts of cash to Salley's mother, that they were themselves working, and that they each asked Mrs. Whaley

to watch their children. Snow continued to drink, beat Mrs. Whaley and not provide any financial support. The entries end with Mrs. Whaley's observation: "boy this is a hell of a life ben married 27 years."

After divorcing William Bledsoe in 1977, Mrs. Hogan began a series of short marriages. She married Johnny Reeves in 1978 and divorced him around 1984. She married Steve Osborne in 1985, but they separated and were divorced after two months. Mrs. Hogan married Keith Kennedy shortly after, in 1986, but they separated and were divorced after six months. Mrs. Hogan married her present husband, Gerald Hogan, in 1992. They have been separated since around 1997, but are not divorced.

### Mental Illness

In 2002, Mrs. Hogan became very anxious and depressed, and contacted Cheaha Regional Mental Health for an assessment. At the time of her assessment, she was shaking and crying. She reported her prior drug use and stated that she was trying to quit drug use "cold turkey," by going to bed as soon as she returned home from work. The mental health assessment worker diagnosed her as suffering from a Major Depressive Disorder, as well as dependence on various controlled substances.

Mrs. Hogan was again diagnosed with major depression in February 2005, when she was screened by the mental health assessment team at Tutwiler Prison.

### Substance Abuse

Photos of Mrs. Hogan over the years show dramatic changes in her appearance,

including changes associated with drug use. Mrs. Hogan was introduced to various types of drug use by each of her husbands, but did not stop when those marriages ended. Her second husband was a regular marijuana user. Her fourth husband was a heavy cocaine user who provided cocaine regularly to Mrs. Hogan. During her last marriage, Mrs. Hogan began to also use methamphetamine, as well as to drink heavily.

### **Prison**

In November 2004, Salley Hogan was riding as a passenger with a friend who was stopped for a traffic violation. Mrs. Hogan was found to have a .22 caliber pistol in her purse. She was arrested by her probation officer,[1] taken into custody, and <u>not</u> released. Her probation was formally revoked in January 2005 and she was sent to Tutwiler Prison.

She continued to suffer some mental health problems, as shown in the prison's mental health assessment in February 2005.

However, her family maintained contact and visitation with her, she took advantage of the prison programs, and gradually she began to improve. Based on her good behavior in prison, she was approved for the Birmingham Work Release center. She completed a counseling program in September 2005 and was paroled in October 2005 to the Life Tech Transition Center. She remained at Life Tech until May 2006, when she reached the end of her sentence.

With her arrest in November 2004, Mrs. Hogan began sobriety. She has remained

---

[1] At the time, she was on probation for possession of methamphetamine.

drug free since her release from prison in May 2006. When Mrs. Hogan returned to Roanoke in May 2006, she was a changed woman. As noted in letters and affidavits from her brother, her daughter, her son/grandson, and her friends, she demonstrated commitment to recovery and remained drug free. To this day, she attends weekly NA or AA meetings. All of her drug screens on pretrial release have been negative.

### Law

Pursuant to United States Sentencing Guideline § 5K2.0, a downward departure may be warranted where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in the formulating of the guidelines. 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0. In determining whether a departure is warranted under U.S.S.G. § 5K2.0, a sentencing court, "may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4.

In *United States v. Koon*, 518 U.S. 81 (1996), the Supreme Court held that, "[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline." *Id*. at 98. A sentencing court determines whether a case falls outside the heartland of the Sentencing Guidelines, thereby permitting departure, by carefully assessing the facts of the case and comparing those facts to the facts of other cases falling within the guideline's heartland. *United States v. Alfaro-Zayas*, 196 F.3d 1338, 1342-43 (11th Cir. 1999).

The factors in this case, "take[] th[is] case out of the applicable guidelines heartland." *United States v. Hoffer*, 129 F.3d 1196 at 1201 (Cir. 11th 1997). Ms. Hogan suffered from physical and sexual abuse throughout her childhood. She experienced major depression for several years. She had a series of unhealthy, drug-abusing relationships. *See United States v. Follette,* 990 F. Supp. 1172 (D. Neb. 1998) (court granted the defendant's motion for a downward departure based on her diminished capacity, for her role in robbery committed by her boyfriend); *United States v. Davis*, 2004 U.S. Dist. LEXIS 17099 (N.D. Ill. Aug. 24, 2004) (court granted downward based on a combination of defendant's diagnosed cognitive defect, bipolar disorder, dependant personality disorder, and history of relationship with abusive boyfriend, for her role in conspiracy to possess a controlled substance with intent to distribute).

In addition, while the Eleventh Circuit has indicated that the sentencing guidelines remain "an important sentencing factor," that Court has also not disapproved the clearly expressed desire of some district courts to impose a more lenient sentence under the merely advisory guidelines. See, e.g., *U.S. v. Martinez*, ___ F.3d ___, 2005 WL 995341, at 3 (11th Cir. Apr. 29, 2005). Therefore, the Court may still impose a sentence of probation pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 125 S.Ct. 738 (2005).

The § 3553(a) factors include: "(1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment; (4) the need to protect the public; and (5) the Guidelines range." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). In this particular case, consideration of these factors supports a sentence of probation.

The offense happened almost three years ago, and was extremely limited. Mrs. Hogan's history and characteristics establish that she currently demonstrates the best, most successful sobriety today that she has had in over a decade. She is also demonstrating an extraordinary postoffense rehabilitation, which the Eleventh Circuit has said is appropriate for consideration by this court. *United States v. John Windell Clay*, ___ F.3d ___, 2007 WL 968837, at page 11 (11th Cir., April 3, 2007) ("These considerations of postoffense rehabilitation are appropriate when a district court evaluates the history and characteristics of the defendant and the need to protect the public from further crimes of the defendant.")

Imposition of this felony conviction and the intense supervision of the U.S. Probation Office will reflect the seriousness of the offense, promote respect for the law, provide just punishment, and protect the public. "One of the purposes of our sentencing system is to impose 'the punishment that most effectively lessens the likelihood of future crime, either by deterring others or incapacitating the defendant.' . . . Both the Guidelines calculations and the sentencing factors of section 3553(a) require a judge to consider characteristics of the defendant that make it more or less likely that the defendant will reoffend." Id., pp. 12 - 13 (affirming a 60 month sentence, where the guideline range was 188 - 235 months). Where a defendant, like Mrs. Hogan, has "fundamentally changed since [her] offense" and "poses

a lesser risk to the community," Id. p. 13, incapacitation is not required.

Under the unique circumstances of this case, a sentence of incarceration is not reasonable. Mrs. Hogan respectfully requests that this Court impose a sentence of supervision through probation, with appropriate conditions.

WHEREFORE, Defendant prays that this Motion be granted.

Respectfully submitted,

s/Christine A. Freeman
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Salley W. Hogan
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL: (334) 834-2099
FAX: (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Todd Brown, Esq., and Kent Brunson, Esq., Assistant United States Attorneys, One Court Square, Suite 201, Montgomery, Alabama 36104.

    s/Christine A. Freeman
    **CHRISTINE A. FREEMAN**
    **TN BAR NO.: 11892**
    Attorney for Salley W. Hogan
    Federal Defenders
    Middle District of Alabama
    201 Monroe Street , Suite 407
    Montgomery, AL 36104
    TEL: (334) 834-2099
    FAX: (334) 834-0353
    E-Mail: Christine_Freeman@fd.org